Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
Nathan Walker (SBN 206128)
nwalker@nortonlaw.com
Gil Walton (SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (SBN 305158)
cpurcell@nortonlaw.com
Josephine Petrick (SBN 280233)
jpetrick@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendants
COINBASE, INC. and
COINBASE GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MANISH AGGARWAL, MOSTAFA EL BERMAWY, and AMISH SHAH, on behalf of the California public,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC. and COINBASE GLOBAL, INC.,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS COINBASE, INC. AND COINBASE GLOBAL, INC.'S NOTICE OF REMOVAL OF ACTION**<br><br>(San Francisco Superior Court Case No. CGC23-603871)<br><br>Action Filed: January 6, 2023<br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, defendants Coinbase, Inc. and Coinbase Global, Inc. (together, "Coinbase") hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC23-603871 in San Francisco County Superior Court, State of California. Coinbase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). In the event the Court requires Coinbase to prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Coinbase is prepared to do so.[1] Removal is proper on the grounds described below.

## I. SERVICE ON THE STATE COURT

Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be promptly given by the undersigned to counsel of record for plaintiffs Manish Aggarwal, Mostafa El Bermawy, and Amish Shah, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of San Francisco.

## II. TIMELINESS OF REMOVAL

Plaintiffs filed their complaint against Coinbase on January 6, 2023, in San Francisco County Superior Court, State of California, Case No. CGC-23-603871. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Assignment, and (e) Docket are attached as Exhibits A-E to the Declaration of Celine G. Purcell ("Purcell Decl."), filed concurrently with this Notice of Removal.[2]

---

[1] "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied[.]" *Id.* at 82 (citing 28 U.S.C. § 1446(c)(2)(B)).

[2] Section 1446(a) requires the defendants seeking removal to include with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in" the state

The Summons was issued on January 19, 2023, but service has not been completed. *See* Purcell Decl. ¶ 7. Coinbase first obtained a copy of the filed (but not served) Complaint on January 10, 2023. *See id*. ¶ 3. This Notice of Removal is timely because it is within 30 days of when Coinbase first obtained a copy of the Complaint, as well as because service has not been completed, so the notice is necessarily within the 30 days of service prescribed by 28 U.S.C. § 1446(b).

## III. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

Plaintiffs are individual Coinbase customers who live in Connecticut (Mr. Aggarwal), New York (Mr. El Bermawy), and Illinois (Mr. Shah). Complaint ¶¶ 10-12. Plaintiffs generally allege Coinbase made misrepresentations about the security of its platform and plead three causes of action for alleged violations of California's (1) Consumer Legal Remedies Act ("CLRA"), (2) False Advertising Law ("FAL"), and (3) Unfair Competition Law ("UCL"). *See generally id*. ¶¶ 1-7 and 144-164. Plaintiffs exclusively seek "public injunctive relief" as well as attorneys' fees and costs. *Id*. at Prayer for Relief.

Plaintiffs allege that defendant Coinbase, Inc. is a "publicly traded Delaware corporation with its headquarters and principal place of business in San Francisco, California," *id*. ¶ 13, while defendant Coinbase Global, Inc., a private corporation, is a "Delaware corporation with its headquarters and principal place of business in San Francisco, California," *id*. ¶ 14. Plaintiffs further allege, referring to both Coinbase, Inc., and Coinbase Global, Inc., that "Coinbase . . . conduct[s] its business" in California and that "Coinbase's principal place of business is in San Francisco County." *Id*. ¶¶ 1, 8, 9. Plaintiffs therefore allege both Coinbase defendants are citizens of Delaware and California. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] corporation's principal place of business 'refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010))). Plaintiffs are correct;

---

court action. As explained in more detail below and in the Purcell Declaration, Coinbase has not yet been served; nonetheless, it provides all docket items publicly available from the San Francisco Superior Court action.

although Coinbase is a remote-first company, for purposes of subject matter jurisdiction, Coinbase, Inc. and Coinbase Global, Inc.'s principal place of business is California, where the majority of their executives reside and where Coinbase, Inc., has multiple offices.

This action is one of several lawsuits filed against Coinbase stemming from alleged misrepresentations regarding the security of Coinbase's platform. *See, e.g.*, *Bielski v. Coinbase, Inc.*, No. 3:21-cv-07478-WHA (N.D. Cal., first filed Sept. 24, 2021); *Kattula v. Coinbase Global, Inc.*, No. 1:22-cv-03250 (N.D. Ga., first filed August 15, 2022); *Alfia v. Coinbase Global, Inc.*, No. 3:21-cv-08689 (N.D. Cal., first filed November 8, 2021). Indeed, five months ago (and after the above cases were filed), Mr. Aggarwal filed a lawsuit against Coinbase in the Northern District, based on the exact same conduct as this action, which Mr. El Bermawy joined on October 10, 2022. *See Aggarwal v. Coinbase, Inc.*, No. 22-cv-4829-JSW (N.D. Cal., first filed August 23, 2022). That case is still pending in the Northern District, before Judge White.

As explained in more detail below, removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because, based on the allegations in the Complaint and the Prayer for Relief, there is complete diversity between Plaintiffs and Coinbase and the amount in controversy exceeds $75,000.[3] *See* 28 U.S.C. § 1332. All requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A. Complete Diversity of Citizenship Exists**

For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983), *superseded by statute on other grounds as stated in Saraca Media Grp., Inc. v. Liehong Zhuang*, No. 20-cv-2780, 2020 WL 4016742,

---

[3] Coinbase denies any liability to Plaintiffs and denies they can establish any damages, harm, or entitlement to relief. Coinbase does not concede, and reserves the right to contest at the appropriate time, that any of Plaintiffs' allegations constitute a cause of action against them under applicable law. Nothing in this Notice of Removal is an admission of liability or a suggestion that Plaintiffs will or could recover any damages or obtain any relief based upon the allegations contained in the Complaint or otherwise. This Notice seeks only to establish the Complaint's allegations meet Section 1332's citizenship and amount in controversy requirements. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

at *2 (S.D.N.Y. July 16, 2020). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, No. CV 16-06341, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs represent they live in Connecticut (Mr. Aggarwal), New York (Mr. El Bermawy), and Illinois (Mr. Shah), and are therefore considered citizens of Connecticut, New York, and Illinois, respectively, for purposes of removal. Complaint ¶¶ 10-12; *see Ayala*, 2016 WL 6561284, at *4.

A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz*, 559 U.S. at 92–93 (holding that "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities[,]" i.e., "the actual center of direction, control, and coordination"). The Complaint alleges each Coinbase entity is incorporated in Delaware and has its principal place of business in San Francisco, California; those allegations are correct. *See* Complaint ¶¶ 1, 8, 9, 13, 14.

As Plaintiffs are citizens of Connecticut, New York, and Illinois, while Coinbase is a citizen of Delaware and California, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a). And although Coinbase is a citizen of California, the so-called "forum defendant rule" does not bar removal here because Coinbase has not been "properly joined *and* served." 28 U.S.C. § 1441(b)(2) (emphasis added); *see, e.g.*, *Fobb v. Uber Techs., Inc.*, No. 21-cv-07778, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) (emphasis added) ("The decisions in this district to have considered [whether snap removal is permissible] nearly unanimously support Defendants' position" that such removal is permissible); *Monet v. Tesla, Inc.*, No. 22-cv-00681, 2022 WL 2714969, at *2 (N.D. Cal. July 13, 2022) ("[T]he plain language of § 1441(b)(2) bars removal only when a defendant 'properly joined *and served*' is a resident of the forum." (citation omitted)); *Clayborne v. Chevron Corp.*, No. 19-cv-07624, 2020 WL 11563098, at *5 (N.D. Cal. Feb. 5, 2020) ("District courts in the Northern District of California have held that [§ 1441(b)(2)] only prohibits removal by a forum defendant after that defendant has been both joined and served."); *Loewen v. McDonnell*, No. 19-cv-00467, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("[T]he Northern District of California has

consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012) (explaining that "[t]he statute does nothing to prevent sophisticated defendants from electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court"; and holding that "the Northern District has consistently followed" this approach, recognizing that a defendant can remove a diversity case even before being served).

**B. The Amount In Controversy Exceeds $75,000**

Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true . . . [,] a defendant is not required to admit, and is certainly not required to prove, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) (explaining that "[t]he amount in controversy is not proof of the amount the plaintiff will recover," but is instead "an estimate of the amount that will be put at issue in the course of the litigation").

A removing defendant is not required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, No. No. C 10–00421 SI, 2010 WL 1526441, at *3 (N.D Cal. Apr. 15, 2010) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g., Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint"). Where, as here,

the Complaint does not state the amount in controversy, the Notice of Removal may do so by including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Centers, LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *5; *see also Jones v. Tween Brands, Inc*., No. 2:14-CV-1631-ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden"); *Thomas v. Aetna Health of Cal.*, No. 1:10–cv–01906–AWI–SKO, 2011 WL 2173715, at *20 (E.D. Cal. June 2, 2011) ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case.").

Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc*., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205 (quoting *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

The amount in controversy in this action exceeds $75,000 because (1) Plaintiffs explicitly state in their Prayer for Relief that they seek attorneys' fees, *see* Purcell Decl. Ex. B at p. 35 (Prayer for Relief in Complaint), which, as discussed below, will exceed $75,000, and (2) under the Ninth Circuit's "viewpoint rule," the cost to Coinbase of complying with the sought injunctive relief represents the amount in controversy, and that amount will also exceed $75,000.

***Attorneys' Fees***. Plaintiffs seek relief under the CLRA, which provides for the recovery of prevailing-party attorneys' fees. Cal. Civ. Code § 1780(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's

prosecution of the action was not in good faith."). A "court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). In removal cases, district courts exercise discretion to evaluate whether a defendant has met its burden and can "determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id*. BraunHagey & Borden LLP is counsel of record for Plaintiffs. In 2020, in support of a fees motion in another matter, BraunHagey submitted a declaration from partner J. Noah Hagey (who is lead counsel for Plaintiffs in the San Francisco Superior Court action), detailing the billing rates of its partners and associates. *See* Purcell Decl. ¶ 7, Ex. F (Dkt. No. 558-1). Using those billing rates as an estimate of what rates BraunHagey currently uses, and considering the likely type and volume of work for counsel in this case, the jurisdictional threshold is met. For example, using the $795/hour 2020 billing rate for BraunHagey partners, 96 hours of work would meet the jurisdictional threshold. This does not include any rate increases since 2020, nor does it account for other attorneys or paralegals' time. Between drafting the complaint, dealing with discovery, and motion practice, the hours will easily exceed the number needed to meet the jurisdictional threshold.

***Cost of Compliance***. "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id*.

Here, Plaintiffs allege that Coinbase violated the CLRA, FAL, and UCL by "representing that [Coinbase's] services have characteristics, uses, and benefits that they do not have," "by seeking to induce consumers, including Plaintiffs, to do business with [Coinbase] by disseminating false and misleading statements regarding [Coinbase's] products and services," and by engaging in unlawful, fraudulent, or unfair conduct "likely to deceive reasonable consumers" and "substantially injurious to consumers." Complaint ¶¶ 148, 153, 159, 162, 163. As Plaintiffs seek only public injunctive relief on their three statutory claims, they appear to seek a Court order requiring not only a revamp of

Coinbase's marketing and messaging to customers, including for example its annual reports, print and television advertisements, user interfaces, search engine advertising, and social media, *see, e.g.*, *id*. ¶¶ 27-30, 35, 55, 56, but also not insignificant enhancements to Coinbase's sign-up process and security on the Coinbase platform. *See, e.g.*, *id*. ¶ 140. For Coinbase to comply with an injunction to this effect would be costly and well over the jurisdictional threshold.

## IV. THE COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

Based on these facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action within the meaning of Section 1332(a);

b) The properly named parties are citizens of different states, as required by Section 1332(a)(1); and

c) The amount in controversy exceeds $75,000 as required by Section 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

The United States District Court for Northern District of California is the federal judicial district in which the San Francisco County Superior Court sits. This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

True and correct copies of all process, pleadings, and orders filed in the state court, including the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Assignment, and (e) Docket are attached as Exhibits A-D to the Purcell Declaration, filed with this Notice of Removal. These filings constitute the complete record of all records and proceedings in the state court; Coinbase has not been served.

Upon filing the Notice of Removal, Coinbase will provide written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: January 25, 2023

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton

Attorneys for Defendants
COINBASE, INC. and
COINBASE GLOBAL, INC.